[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-11129

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MD RASSAN M. TARABEIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:22-cr-00074-JB-B-1

_____

Before WILSON, BRASHER, and HULL, Circuit Judges.

PER CURIAM:

Defendant-Appellant Rassan Tarabein appeals his convictions for bank fraud in violation of 18 U.S.C. § 1344(1), false statements to an agency of the United States in violation of 18 U.S.C. § 1001(a)(2), criminal default in violation of 18 U.S.C. §§ 3615, 3664(m)(1)(A)(i), and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) (with bank fraud pursuant to 18 U.S.C. § 1344(1) as the predicate offense). He also appeals his sentence of 48 months' imprisonment.

On appeal, Tarabein argues the following:

I.   The district court erred by not severing Counts One (Bank Fraud) and Five (Aggravated Identity Theft) of his indictment from the rest of the counts.

II.  His conviction on Count Five (Aggravated Identity Theft) should be vacated because the government's indictment failed to adequately allege aggravated identity theft and the predicate offense of bank fraud and the government failed to present sufficient evidence of the bank fraud.

III. The district court inappropriately admitted into evidence a check seized from his luggage at the Pensacola airport and a Wells Fargo bank statement.

IV.  Insufficient evidence supports his convictions on Counts One (Bank Fraud), Two (False Statement), and Three (False Statement).

V.    The district court erred in applying the 2-point enhancement for sophisticated means, applying the 2-point enhancement for obstruction of justice, and denying Tarabein's request for a variance downward as to his criminal history score due to his criminal history being overstated in the presentence investigation report.

After review of the record and the briefs, and with the benefit of oral argument, we find no reversible error and, therefore, affirm Tarabein's convictions and sentence.

**AFFIRMED.**